# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| STATE FARM FIRE & CASUALTY CO., | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | C.A. No. 16-571-LPS |
| TANISHA LAMBERT | : | |
| Defendant. | : | |

Joseph J. Bellew, COZEN O'CONNOR, Wilmington, DE

Michael D. O'Donnell, COZEN O'CONNOR, Philadelphia, PA

    Attorneys for Plaintiff.

Eileen M. Ford, MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C., Wilmington, DE

    Attorney for Defendant.

## MEMORANDUM OPINION

November 21, 2017
Wilmington, Delaware

*signature*

**STARK, U.S. District Judge:**

Pending before the Court is Defendant Tanisha Lambert's ("Defendant" or "Lambert") motion to dismiss Plaintiff State Farm Fire & Casualty Co.'s ("Plaintiff" or "State Farm") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"). (*See* D.I. 13) For the reasons set forth below, the Court will grant the Motion.

## I. BACKGROUND[1]

Plaintiff provided property insurance to Timothy O'Connell ("O'Connell") for his property located at 302 Porter Street, Wilmington, DE ("Property") pursuant to insurance policy number 98-BT-7407-8. (*See* D.I. 1 ¶¶ 5-6) Defendant leased the Property from March 1, 2007 to March 31, 2008, following which the lease became a month-to-month tenancy. (*See* D.I. 15 Ex. A at 1) The lease agreement ("Lease") was a U.S. Department of Housing and Urban Development ("HUD") lease made through the Wilmington Housing Authority and included a Housing Assistance Payments Contract. (*See id.* at 4)

The Lease provided the following tenant's obligations:

> The tenant shall keep the dwelling unit in a clean and sanitary condition and upon termination of this lease surrender the dwelling unit to the owner in as good condition as it is on the beginning date of this lease, reasonable wear and tear and damage by the elements excepted. . . .
>
> The tenant will be responsible for damages to the unit and premises, other than normal wear and tear, that are caused by any member of the tenant's family, guests of the tenant, and persons under the tenant's control. . . .
>
> The repair of tenant-caused damages must be completed by the

---

[1]This recitation is based, as it must be at this stage, on taking as true all well-pleaded factual allegations in the complaint.

1

owner at the expense of the tenant.

(*Id.* at 6 ¶ 2)

On July 14, 2014, while Defendant was leasing the Property, Defendant lit a candle and left it unattended on the Property. (*See* D.I. 1 ¶¶ 8-9) "The candle came into contact with a couch and/or other combustibles in the living room," causing a fire on the Property and, subsequently, substantial damage to the Property. (*See id.* ¶¶ 10-12)

Pursuant to its insurance policy, Plaintiff paid more than $100,000 to O'Connell for the damages caused by the fire. (*See id.* ¶ 13) "In accordance with common law principles of equitable and legal subrogation, and the terms of the [insurance policy], [Plaintiff] is subrogated to the rights of the [insurance policy] to the extent of the payments it made for the aforementioned property damage and lost rent." (*Id.* ¶ 14) Thereafter, on July 1, 2016, Plaintiff filed this action against Defendant. (*See* D.I. 1) Plaintiff's complaint asserts negligence and breach of contract claims against Defendant for causing the fire and failing to pay for the subsequent property damage. (*See id.* at ¶¶ 15-29)

On April 20, 2017, Defendant filed its motion to dismiss the entirety of Plaintiff's complaint. (*See* D.I. 13) The parties completed briefing on May 11, 2017. (*See* D.I. 16) The Court heard argument on July 20, 2017. (*See* Transcript ("Tr."))

## II. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat*

2

*Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

## III. DISCUSSION

Defendant seeks to dismiss Plaintiff's complaint, arguing that Plaintiff cannot bring a

subrogation claim against Defendant. (*See* D.I. 14 at 5-6) "An insurer who pays a loss suffered by the insured is entitled to be subrogated *pro tanto* to any right of action which the insured may have against a third person whose tort caused the loss." *Lexington Ins. Co. v. Raboin*, 712 A.2d 1011, 1015 (Del. Super. Ct. 1998). An insurer, however, cannot subrogate against its own insured or co-insured. *See id.*

Courts in Delaware have adopted the "*Sutton* rule," which holds that residential tenants are considered co-insured under the landlord's fire insurance policy unless the lease "clearly express[es] intent . . . to the contrary." *Id.* at 1016; *see also Sutton v. Jondahl*, 532 P.2d 478, 482 (Okla. Civ. App. 1975) ("[S]ubrogation should not be available to the insurance carrier because the law considers the tenant as a co-insured of the landlord absent an express agreement between them to the contrary.").

Here, Defendant contends that she is a co-insured under the insurance policy, so Plaintiff cannot subrogate its rights against Defendant. (*See* D.I. 14 at 9-10) Defendant bases her contention on the facts that: (i) the Lease does not hold her expressly liable for fires caused by her negligence and (ii) fires were expressly carved out in the Lease as an exception to tenant liability. (*See id.* at 1-2) Additionally, Defendant asserts that public policy dictates that Defendant should not be liable for the damages to the Property. (*See id.* at 2)

In response, Plaintiff first argues that Defendant's arguments should not be addressed on a Rule 12(b)(6) motion. (*See* D.I. 15 at 5) Alternatively, Plaintiff argues that Defendant is not co-insured because the Lease expressly holds Defendant liable for all damages, including fire damage. (*See id.* at 9-10) Finally, Plaintiff argues that even if Defendant could not be liable under the Lease, she is liable for her negligence under the Delaware Residential Landlord-Tenant

4

Code, which imposes a duty on a tenant to comply with her obligations to the landlord. (*See id.* at 17-18)

### A. A Rule 12(b)(6) Motion is Proper

Plaintiff contends that Defendant has "raised a substantive defense on the merits" that cannot be the basis for dismissal for failure to state a claim. (D.I. 15 at 5) Issues of subrogation have been addressed on Rule 12(b)(6) motions by other courts. *See, e.g., Travelers Cas. & Sur. Co. of Am. v. A.G. Cullen Constr., Inc.*, 2008 WL 4816477, at *5 (W.D. Pa. Nov. 4, 2008). The Court agrees with Defendant that whether Plaintiff can bring its subrogation claim against Defendant is relevant to whether Plaintiff has stated a claim upon which relief can be granted. Thus, the Defendant's Rule 12(b)(6) motion is a proper vehicle for presenting this defense.

### B. The Lease Does Not Expressly Hold Defendant Liable for Fire Damage

Defendant argues that the Lease does not expressly establish that she is liable for fire damage caused by negligence. (*See* D.I. 14 at 9) Plaintiff responds that there is clear intent in the Lease to hold Defendant liable for negligent fires because the Lease states that Defendant is responsible and will pay for all damages she caused to the Property.[2] (*See* D.I. 15 at 9)

While no particular words are required in the Lease in order for Plaintiff to withstand Defendant's motion, the Lease as a whole must clearly express the intent to hold the tenant liable for negligent fires to the leased property. *See Lexington Ins. Co.*, 712 A.2d at 1014. Such intent should be shown in the lease agreement by a clear contemplation of the "division of risks

---

[2]Plaintiff also contends that it was clear that Defendant was aware of her liability as she likely purchased renter's insurance, which Plaintiff intends to prove through discovery. (*See* D.I. 15 at 19) However, Plaintiff does not allege this in its complaint, so the Court need not take Plaintiff's assertion as true in evaluating the pending motion.

5

between landlord and tenant." *Id.* at 1014-17 (finding tenant was co-insured, and not liable for damages, when lease provided that tenant would pay for increases in fire insurance premium and tenant would vacate premises in good order, reasonable wear and tear and damage by fire excepted); *see also Deardorff Assocs., Inc. v. Brown*, 1999 WL 458777, at *3-4 (Del. Super. Ct. May 6, 1999) (finding tenant was not co-insured, and was liable for damages, when lease provided that landlord would not be liable for damages caused by tenant's negligence and tenant would vacate premises in good order, reasonable wear and tear and casualties by fire not caused by tenant's negligence excepted).

Here, the Lease provides that Defendant is liable for all damages to the Property caused by Defendant: "[t]he tenant will be responsible for damages to the unit and premises, other than normal wear and tear;" "repair of tenant-caused damages must be completed by the owner at the expense of the tenant." (D.I. 15 Ex. A at 6 ¶ 2) However, the Lease is silent in regard to liability for negligent fires as well as the parties' responsibilities for maintaining fire insurance. Hence, the Lease does not clearly express any contemplation of the division of fire risks between the landlord and tenant, nor does it express any intent by the landlord to hold the tenant liable for negligent fires. *See, e.g., GNS P'ship v. Fullmer*, 873 P.2d 1157, 1159, 1164 (Utah Ct. App. 1994) (finding that lease that did not mention fire or fire insurance did not expressly hold tenant liable for fire damage); *Cascade Trailer Court v. Beeson*, 749 P.2d 761, 687-88 (Wash. Ct. App. 1988) (concluding that lease holding tenant liable for negligent destruction of property, but not mentioning fires, did not expressly hold tenant liable for fire damages). The broad language the Lease utilizes does not show that the parties specifically considered and intended to hold Defendant liable for negligent fires.

6

Defendant also argues that the Lease expressly excepts fire from her liability. (*See* D.I. 14 at 10-11) Defendant points to the provision requiring her to return the Property in good condition, "reasonable wear and tear and damage by the elements excepted," asserting that the word "elements" includes fire. (*See* D.I. 14 at 10; D.I. 15 Ex. A at 6 ¶ 2) Plaintiff responds that "elements" unambiguously refers to the weather. (*See* D.I. 15 at 11-13) As the parties agreed at oral argument, a conclusion that the Lease does not evince an express intent to make Defendant liable for fire damage (a conclusion the Court has now reached) makes it unnecessary to resolve the parties' dispute over "elements." (*See* Tr. at 9, 12, 20-21)

Accordingly, Defendant is co-insured under the insurance policy and Plaintiff cannot be granted relief on its subrogation action.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to dismiss Plaintiff's complaint. An appropriate Order follows.

---

[3] Nor is invocation of the Delaware Residential Landlord-Tenant Code helpful to Plaintiff in determining whether Plaintiff, as the insurance company, can subrogate its claim against Defendant. If Defendant is co-insured under the policy, Plaintiff cannot bring this suit, and it would not matter whether the Delaware Residential Landlord-Tenant Code may hold Defendant liable.

7